IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AMERICAN NATIONAL PROPERTY AND CASUALTY COMPANY, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL ACTION NO. 06-0839-CG-B ) |
| JOSEPH T. HOLSTON, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on plaintiffs, American National Property and Casualty Company's ("ANPAC") and American National General Insurance Company's ("ANGIC" and, collectively with ANPAC, "the insurers"), motion for summary judgment (Docs. 41, 42, 43, and 44) as well as the motions to dismiss that all of the defendants - Karen Phelps, Jesse Phelps, Joseph Holston, Ann Holston, and Helen Hubbard - filed in lieu of responses to the motion for summary judgment (Docs. 49, 50, 51, 53, 56, 57, 60, 61, 64, and 73). The insurers oppose the motions to dismiss (Docs. 57, 62, 65, and 76). For the reasons set forth below, the motions to dismiss are **GRANTED**, and the motion for summary judgment is **DENIED** because it is moot.

**I.     THE PROPER LEGAL STANDARD**

Although the defendants characterize their motions as "motions to dismiss," their consideration depends on material outside of the complaint. Consequently, the court will treat them as motions for summary judgment. See Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005).

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  As the Eleventh Circuit succinctly stated:

> A factual dispute is genuine only if "a reasonable jury could return a verdict for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (citation omitted).  The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001).  In evaluating the argument of the moving party, the district court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999).  Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Info. Sys. and Networks Corp. v. City of Atlanta, 281 F.3d 1220, 1224-25 (11th Cir. 2002).  The purpose of summary judgment "is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 592 (11th Cir. 1995), cert. denied sub nom. Jones v. Resolution Trust Corp., 516 U.S. 817 (1995).

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." Ryan v. Int'l Union of Operating Engrs, Local 675, 794 F.2d 641, 643 (11th Cir. 1986).  There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Blue Cross & Blue Shield v. Weitz, 913 F.2d 1544, 1550 (11th Cir. 1990).  Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994)(citing Lazzara v. Howard A. Esser, Inc., 802 F.2d 260, 269 (7th Cir. 1986)), cert. denied, 513 U.S. 868, 115 S.Ct. 189, 130 L.Ed.2d 122 (1994).

Id. at 599.  The "complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S.

317, 323 (1986). The failure by the nonmoving party to make a sufficient showing on an essential element of its action entitles the moving party to judgment as a matter of law. Id. at 323.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the complaint and its attachments, Wesley Holston, who is Joseph and Ann Holston's son, was involved in a serious car accident on June 8, 2006. He was driving his parents' 2006 Honda Accord and collided with a car being driven by Jesse Phelps. Helen Hubbard owned the car that Jesse Phelps was driving. At the time of the accident, Jesse Phelps had four children in the car. All of the children were injured and two of them died as a result of the accident. Karen Phelps brought an action in state court as mother and next friend of the children involved in the accident, seeking damages against, among others, Joseph, Ann, and Wesley Holston ("the state court action"). At the time the complaint was filed, Jesse Phelps had a motion pending in the state court action, asking the state court to allow him to join that action as a plaintiff.[1] Richard and Helen Hubbard, who are husband and wife, filed a separate lawsuit in Alabama state court as great-grandparents, guardians, and next best friends of the Phelps' children. The case was dismissed on August 30, 2006, but the insurers' counsel was allegedly informed that Helen Hubbard intended to pursue claims for damage to her vehicle.

The insurers' action seeks a declaratory judgment that they have no duty under two insurance policies to defend or indemnify Joseph and Ann Holston in the state court action, that the insurers are not liable to Karen or Jesse Phelps for judgments that they may obtain against

---

[1] The state court later granted Jesse Phelps' motion, allowing him to join the action as a plaintiff.

Joseph or Ann Holston in the state court action, that the insurers have no duty to defend or indemnify Joseph or Ann Holston in any action Helen Hubbard has filed or may file, and that the insurers are not liable to Helen Hubbard for any judgment she may obtain against Joseph or Ann Holston in any action.  The insurers also ask the court to declare that they are not liable for any punitive damages arising out of the claims at issue in the state court action, except for any such damages specifically awarded pursuant to wrongful death claims.

The insurers filed their motion for summary judgment on September 17, 2007.  The motion argues in favor of certain exclusions of insurance coverage written into the two policies at issue in the declaratory judgment action.  It seeks, and includes a proposed order granting, declarations (1) that the insurers have no duty to defend or indemnify Joseph or Ann Holston with respect to Karen and Jesse Phelps' claims in the state court action, (2) that the insurers are not liable to Karen or Jesse Phelps for any claims or judgments they may obtain against Joseph or Ann Holston, and (3) that the insurers are not liable for any claims and have no duty to defend or indemnify Joseph or Ann Holston in any action filed by or on behalf of Helen Hubbard (Doc. 41-2).  Wesley Holston is not named in the declaratory judgment action.  Neither the complaint nor the motion for summary judgment seek a declaration of the insurers' duty to provide insurance coverage for Wesley Holston.

The defendants in this action did not respond directly to the insurers' motion for summary judgment.  Rather, they each moved to dismiss the declaratory judgment action, arguing that it is moot.  The parties exchanged several concise motions, responses, and replies, resulting in a presentation of the following state of affairs.  Both Karen and Jesse Phelps moved to dismiss their claims in the state court action against Joseph and Ann Holston with prejudice.

Karen and Jesse Phelps' motions state that they reserve their rights to proceed against the insurers to satisfy a default judgment against Wesley Holston pursuant to ALA. CODE § 27-23-2 (1975)[2]. The state court granted the motions. Also, Helen Hubbard, who has no case currently pending as a consequence of the June 8, 2006, accident, filed a motion in this court, indicating that she does not intend to pursue, and saying that she expressly releases, any and all claims against Joseph and Ann Holston. Joseph and Ann Holston join in the motions to dismiss.

## III.    ANALYSIS

The bottom line underlying the motions to dismiss is that there is no justiciable controversy to justify a declaratory judgment because Karen and Jesse Phelps dismissed Joseph and Ann Holston with prejudice and Helen Hubbard has no current action pending against Joseph or Ann Holston, and no plans to bring one in the future. Karen and Jesse Phelps further argue that their decision to reserve their right to pursue collection on their default judgment against Wesley Holston against the insurers has no bearing on whether the declaratory judgment action is moot because Wesley Holston is not a defendant in this declaratory judgment action.

---

[2]ALA. CODE § 27-23-2 (1975) provides:

> Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury, or death or for loss or damage to property, if the defendant in such action was insured against the loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money provided for in the contract of insurance between the insurer and the defendant applied to the satisfaction of the judgment, and if the judgment is not satisfied within 30 days after the date when it is entered, the judgment creditor may proceed against the defendant and the insurer to reach and apply the insurance money to the satisfaction of the judgment.

Karen and Jesse Phelps' motions to dismiss turn on the same question - whether there remains a case or controversy to support a declaratory judgment after they dismissed Joseph and Ann Holston but reserved their right to pursue the insurers to collect on the default judgment they obtained against Wesley Holston.

"In a case of an actual controversy within its jurisdiction, . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).

"In all cases arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 (1988), the threshold question is whether a justiciable controversy exists."  Atlanta Gas Light Co. v. Aetna Cas. and Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995).

> Whether a case or controversy exists must be determined on a case-by-case basis. This is so because, as the Supreme Court has explained,
>
>> The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.
>
> Put another way, "[a] controversy, to be justiciable, must be such that it can presently be litigated and decided and not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop."

Wendy's Intern., Inc. v. City of Birmingham, 868 F.2d 433, 435-36 (11th Cir. 1989) (alteration in original, internal citations omitted).

> At an irreducible minimum, the party who invokes the court's authority under Article III must show: (1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the

>injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.

U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co., 931 F.2d 744, 747 (11th Cir. 1991) (citation omitted).

The controversy must exist at the time the suit is filed, GTE Directories Pub. Corp. v. Trimen America, Inc., 67 F.3d 1563, 1568 (11th Cir. 1995), and must be "live" throughout the case, U.S. Fire, 931 F.2d at 747 (citing Chiles v. Thornburgh, 865 F.2d 1197, 1202 (11th Cir. 1989) ("It is not enough that a real controversy existed when the lawsuit was filed, the controversy must be a 'live' controversy throughout all stages of the case.")).

There is no "live" controversy with regard to the state court lawsuit. The insurers' declaratory judgment action asks this court to determine what obligation, if any, the insurers have to defend or indemnify Joseph and Ann Holston. A favorable decision in this case is not likely to have any bearing on the relief the insurers seek in this regard because Karen and Jesse Phelps dismissed Joseph and Ann Holston from the state court lawsuit with prejudice. There is no longer any need to defend or indemnify Joseph or Ann Holston from the state court lawsuit because they are no longer parties to it and no judgment was entered against them.

Relying on Allstate Ins. Co. v. Employers Liability Assur. Corp., 445 F.2d 1278 (5th Cir. 1971)[3], and Edwards v. Sharkey, 747 F.2d 684 (11th Cir. 1984), the insurers argue that any right that Karen or Jesse Phelps reserved to pursue the insurers to collect on the default judgment the state court entered against Wesley Holston provides for a continuing case or controversy in this matter because the collection efforts will implicate the insurance policies at issue in this case.

---

[3]Fifth Circuit cases decided before October 1, 1981, are treated as Eleventh Circuit precedent. Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

In Allstate, three insurance companies contributed to the settlement of a lawsuit filed to recover damages after a car crash. Allstate, 445 F.2d at 1279-80. The payments were made pursuant to an agreement between the insurance companies that their contributions were made without prejudice to their rights to determine their relative responsibilities in a declaratory judgment action. Id. at 1280. Sua sponte raising the issue of whether a justiciable case or controversy survived the insurer's contributions to the settlement of the underlying case, the court held that the insurance companies' agreement that their contributions toward settlement would not hinder their abilities to resolve their respective coverage obligations clearly showed "their intention to reserve and not to forego a later adversary determination of their respective rights and liabilities inter sese." Id. at 1281. To hold otherwise, the court explained, would impede prompt settlement of lawsuits that trigger insurance coverage disputes. Id. The Edwards case involves a similar situation which the court held was "faced squarely" by the Allstate court. Edwards, 747 F.2d at 686.

The relevance of the foregoing precedent to the case at hand is not readily apparent. In each case, the insurers called upon the courts to declare which insurer was liable to pay for which portion of a settlement. Although the insurers contributed sums of money to the settlements, they agreed to allow the courts to reapportion their contributions in subsequent declaratory judgments. The courts held that the insurers did not waive their rights to call upon the courts to make such determinations by settling the underlying lawsuits expeditiously. In the case at bar, neither insurer will be liable to pay damages as a result of a judgment entered against Joseph or Ann Holston in favor of Karen or Jesse Phelps because both Joseph and Ann Holston are dismissed from the state court lawsuit. Unlike in the cases on which the insurers rely, there

8

is nothing to apportion.

The fact that the insurers will likely have to defend Karen or Jesse Phelps' efforts to collect on the default judgment entered against Wesley Holston does not undercut this conclusion. Although efforts to satisfy the default judgment against Wesley Holston may implicate the insurance policies at issue in this case, the insurers do not explain how a ruling on the availability of coverage under the policies for Joseph or Ann Holston will implicate efforts to collect a judgment against Wesley Holston, who is not a party to the declaratory judgment action, based on the same policies. There simply is no live controversy vis-a-vis Karen or Jesse Phelps at this point.[4]

There also is no justiciable controversy as to Helen Hubbard, or any of the other individuals involved in the car crash who the insurers did not name as defendants to this case. Citing Pa. Lumbermen Mut. Ins. Co. v. T.R. Miller Mill Co., No. Civ. A. 05-302, 2006 U.S. Dist. LEXIS 6666 (S.D. Ala. Jan. 31, 2006), the insurers argue that there is a "practical likelihood" that Helen Hubbard and other individuals involved in the accident who have not yet filed claims may bring suit against Joseph or Ann Holston. The insurers further support their argument by pointing out that Helen Hubbard's motion to dismiss, in which she asserts that she will not bring a claim against Joseph or Ann Holston and says she releases them, is both unsigned in violation of FED. R. CIV. P. 7 and 11 and, specifically considering the release, not

---

[4] The court notes that the insurers may have incurred expenses defending Joseph and Ann Holston, and that the complaint may broadly ask for a declaration as to the insurers' responsibilities for certain punitive damages, but the insurers do not raise any arguments in these regards in conjunction with the motions before the court. As such, the court does not address them. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment.").

supported by evident consideration.

The facts addressed in Pa. Lumbermen are distinct from those at bar. In Pa. Lumbermen, an insurer and insured disputed whether the insurer owed coverage for damage the insured sustained during Hurricane Ivan. Pa. Lumbermen, 2006 U.S. Dist. LEXIS at *1-2. The parties unsuccessfully negotiated whether coverage existed for several months and, on May 19, 2005, the insurer sent the insured a denial of coverage letter. Id. at *2. The court held that "after eight months of fruitless negotiations over a multi-million dollar claim that there was certainly a practical likelihood that the defendants would file suit." Id. at *7.

In this case, there is no evidence of record to support the conclusion that there is a practical likelihood that Helen Hubbard, or any other party to the accident that gave rise to this litigation, intends to sue Joseph or Ann Holston. The insurers complaint alleged, and Helen Hubbard's answer arguably admitted, that Helen Hubbard planned to do so when the declaratory judgment action was filed in December 2006 and Helen Hubbard answered it in May 2007, but there is no admissible evidence, either in the insurers' complaint, their motion for summary judgment, their responses to the various motions to dismiss, or otherwise to support their assertion. The record is devoid of any factual basis to conclude that there is a practical likelihood that Helen Hubbard will file an additional lawsuit against Joseph or Ann Holston.

Similarly, other than a police report indicating that certain people not parties to this action were involved in the car accident at issue and a coverage letter vaguely indicating that the insurers "have already been contacted by" those individuals, there is nothing in the record to show that any third-parties will file a lawsuit against Joseph or Ann Holston. The dearth of evidence tending to show such an intent, combined with the facts that Joseph and Ann Holston

were sleeping at home and had taken away Wesley's car keys that night, militates against finding a case or controversy.  See also Wendy's, 868 F.2d at 436 (finding no justiciable controversy because "the appellants' suit necessarily is based upon the possibility of an occurrence which may never come to pass"); Hendrix v. Poonai, 662 F.2d 719, 722 (11th Cir. 1981) (same).[5]

## IV.   CONCLUSION

The defendants' motions to dismiss are **GRANTED** because there is no case or controversy before the court.  The plaintiffs' motion for summary judgment is **DENIED** as moot.

**DONE and ORDERED** this 25th day of February, 2008.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE

---

[5] The insurers rightfully point out that Helen Hubbard's motion to dismiss is unsigned, in apparent violation of the Rules.  Although the absence of a signature on Helen Hubbard's motion to dismiss is noted, it appears that because the /s/ symbol was placed on the line, with the attorney's typewritten name below the line, the absence of a signature was an inadvertent mistake, and the court treats it as such.